# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

2022 Fall Term

_____

No. 22-ICA-2

_____

FILED
November 18, 2022

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

AMANDA C.,
Respondent Below, Petitioner

v.

CHRISTOPHER P.,
Petitioner Below, Respondent

_____

Appeal from the Family Court of Upshur County

Honorable Lori B. Jackson, Judge

Civil Action No. 21-D-11

REMANDED WITH DIRECTIONS

_____

Submitted: November 10, 2022

Filed: November 18, 2022

Steven B. Nanners, Esq.
Nanners Law Office, PLLC
Buckhannon, West Virginia
Counsel for Petitioner

Shannon R. Thomas, Esq.
Weston, West Virginia
Counsel for Respondent

Allison S. McClure, Esq.
McClure Law PLLC
Clarksburg, West Virginia
Guardian Ad Litem

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

JUDGE SCARR concurs and reserves the right to file a separate opinion.

GREEAR, Chief Judge:

Petitioner, Amanda C. appeals an order of the Family Court of Upshur County, entered on July 8, 2022, denying her 50/50 shared custodial rights and decision-making authority for her minor child, B.P., under West Virginia Code § 48-9-206 (2020).[1]

Having reviewed this matter, we conclude that the Family Court of Upshur County committed plain error when it failed to properly apply West Virginia Code § 48-9-206 (2022), in its July 8, 2022 *Order Establishing Custodial Allocation and Child Support*.[2] While West Virginia Code § 48-9-206 (2020), was the existing version of the law when the petition for custodial allocation and child support was filed in the underlying case, that statutory section was subsequently amended by the West Virginia Legislature ("Legislature") in April of 2021 and March of 2022, with West Virginia Code § 48-9-206 (2022) being operative for all orders entered after June 10, 2022.[3] There is no dispute that the final evidentiary hearing occurred after the 2021 amendments took effect. The July 8, 2022, order was issued after the 2022 amendments to the statute took effect. Accordingly, we remand this case to the Family Court of Upshur County for further proceedings consistent with this opinion.

---

[1] This Court's use of initials is necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40.

[2] The final order was signed by Judge Jackson on July 5, 2022, and entered by the clerk on July 8, 2022.

[3] Reviewing the legislative history of West Virginia Code § 48-9-206 reveals frequent amendments to this statute. *See* H.B. 2199, 75th Leg., 1st Reg. Sess. (W. Va. 2001); S.B. 51, 83rd Leg., Reg. Sess. (W. Va. 2018); H.B. 3039, 84th Leg., Reg. Sess. (W. Va. 2020); H.B. 2363, 85th Leg., Reg. Sess. (W. Va. 2021); S.B. 463, 85th Leg., Reg. Sess. (W. Va. 2022).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is the biological mother of two children, B.P., and A.P.[4] Respondent, Christopher P. is the biological father of the minor child at issue. Petitioner and Respondent resided together in Upshur County, West Virginia until June of 2018. On February 1, 2021, respondent filed a petition requesting a determination of custodial allocation and support.

On May 29, 2021, the Family Court held a hearing and entered a temporary order, which allocated child custody to the parties on a 50/50 basis, granted joint decision-making ability, and appointed a guardian ad litem for the minor child. A final hearing was scheduled for January 12, 2022; however, upon motion of the respondent, an order continuing this hearing was entered on January 3, 2022. The final hearing was rescheduled for May 11, 2022.

On May 2, 2022, petitioner's counsel filed a notice of scheduling conflict with the Family Court of Upshur County, the Family Court of Webster County, and the Circuit Court of Webster County. The notice of scheduling conflict noted the following scheduling conflicts for petitioner's counsel:

1.  Final evidentiary hearing in Civil Action 21-D-11 in Upshur County
    Family Court (Judge Jackson)[5] at 9:00 a.m.;

---

[4] A.P. was born in May of 2003 and B.P. was born in June of 2012. A.P. reached the age of majority during the pendency of this action and is not at issue in this appeal.

[5] Judge Jackson was presiding by special assignment in the Family Court of Upshur County for Judge Turner.

2. Hearing in civil action 22-D-18 in Webster County Family Court (Judge Carpenter) at 11:30 a.m.; and

3. Sentencing hearings in criminal actions 21-F-14, 21-F-31, 22-F-10, 22-F-6, 22-F-7 in Webster County Circuit Court (Judge Alsop) from 10:40 a.m. to 2:15 p.m.

While the Family Court of Upshur County determined that petitioner's notice of scheduling conflict was untimely filed, that court still consulted with the other conflicted courts to ascertain the possibilities of resolving the scheduling conflicts.[6] The family courts resolved their potential conflict, enabling the Family Court of Upshur County hearing to proceed as scheduled. However, the Family Court of Upshur County and the Circuit Court of Webster County were unable to resolve their scheduling conflict. On May 5, 2022, the Family Court of Upshur County entered an order providing notice to petitioner and respondent of that court's intent to proceed with the final hearing on May 11, 2022, as scheduled. On May 11, 2022, despite the fact that neither petitioner nor her counsel appeared, the Family Court of Upshur County held a final hearing. Following this hearing, that court entered an order, allocating respondent primary custody of the minor child and all final decision-making authority, with petitioner only receiving parenting time every

---

[6] Pursuant to West Virginia Trial Court Rule 5.04, "[i]t shall be the duty of an attorney upon learning of an imminent scheduling conflict to give written notice to opposing counsel, the clerks of all courts, and the presiding judges[…]." While not dispositive of this matter, we disagree with the Family Court of Upshur County's ruling that petitioner's notice of scheduling conflict was not timely filed. Here, the record is devoid of evidence to suggest that petitioner's counsel was dilatory in filing the notice of scheduling conflict once it was apparent the conflict was imminent.

other weekend.[7] In reaching its final determination, the Family Court of Upshur County relied on West Virginia Code § 48-9-206 (2020). It is from this order the petitioner appeals.

## II. STANDARD OF REVIEW

The parameters of our appellate review are well-settled:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl. Pt., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). While such deference is accorded to the findings of fact, the application of law to those facts will be reviewed under an abuse of discretion standard. The appellate court may reverse for abuse of discretion if "a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but

_____

[7] We note that petitioner did not file any response to the Family Court of Upshur County's decision to proceed with the hearing as scheduled. Petitioner did not make any additional proffers to the Family Court of Upshur County following the May 11, 2022, hearing. The record is devoid of documentation of any subsequent actions on behalf of the petitioner or her counsel to address the outcome of the hearing until the filing of this appeal. This Court reminds counsel of their duty to take every reasonable opportunity to resolve scheduling conflicts to protect the interest of their clients, and not to rest entirely on filing a notice of scheduling conflict. Counsel cannot simply fail to appear at one of the scheduled hearings and hope for salvation.

the circuit court [or lower court] makes a serious mistake in weighing them." *Gentry v. Mangum*, 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995). Thus, an appellate court "will not simply rubber stamp the trial court's decision when reviewing for an abuse of discretion[.]" *State v, Hedrick*, 204 W. Va. 547, 533, 514 S.E.2d 397, 403 (1999). With these standards in mind, we consider the issue raised on appeal.

## III.  DISCUSSION

Petitioner asserts one assignment of error in her appellate brief. She argues that the Family Court of Upshur County abused its discretion when it improperly conducted a final evidentiary hearing on child custodial allocation without the presence of petitioner or her counsel after having received notice of the scheduling conflict. Petitioner maintains that pursuant to West Virginia Trial Court Rules 5.02, 5.03, and 5.05, the Family Court of Upshur County and the Circuit Court of Webster County should have resolved their conflicting schedules and the Family Court of Upshur County should have continued the final hearing.[8] After a review of the record and the applicable law, we find plain error in the Family Court of Upshur County's failure to apply the applicable version of West Virginia Code § 48-9-206. Accordingly, it is not necessary to address petitioner's assignment of error.

---

[8] We remind the parties that Rule 5 of the West Virginia Trial Court Rules is mandatory in its application in assisting courts and litigants with resolving scheduling conflicts in a prompt manner. The goal of this rule is to have all parties working together to resolve conflicts. We note that Rule 5 does not mandate any particular resolution to a given conflict. However, when appropriately utilized by all involved parties, circumstances such as the situation present in this case should be rare.

On April 10, 2021, the Legislature amended West Virginia Code § 48-9-206, specifically providing that said statute became effective on July 9, 2021. The 2021 amendment substantially changed the allocation of custodial responsibility. On March 12, 2022, the Legislature enacted additional substantive changes to West Virginia Code § 48-9-206, which require the presumptive application of 50/50 custodial allocation. The 2022 amendment was effective on June 10, 2022, prior to the entry of the final order in this matter. Each of the amendments to West Virginia Code § 48-9-206 became applicable prior to the entry of a final order allocating the parties' custodial rights. Here, the Family Court of Upshur County considered and applied the facts of the case pursuant to West Virginia Code § 48-9-206 (2020), without reference to the 2021 or 2022 amendments.

The changes enacted by the Legislature substantively changed the rights afforded to the parties in this matter. By way of these amendments, the evaluation of child custody allocation was changed by adding additional factors for consideration and providing a rebuttal presumption favoring a 50/50 right of allocation. Each of these changes substantially affected the rights of the parties with regard to their child and, thus, are substantive in nature. *See Miller v. Smith*, 229 W. Va. 478, 484, 729 S.E.2d 800, 806 (2012); *Pub. Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W. Va. 329, 335, 480 S.E.2d 538, 544 (1996).

In its amendments to West Virginia Code § 48-9-603, the Legislature expressly provided when these substantive changes would become applicable. Specifically, West Virginia Code § 48-9-603 (2021) provides:

6

(d) The amendments to this chapter made during the 2021 session of the Legislature shall become applicable upon the effective date of those amendments. Any order entered prior to the effective date of those amendments remains in full force and effect until modified by a court of competent jurisdiction.

Further, West Virginia Code § 48-9-603 (2022) states:

(a) The amendments to this chapter enacted during the 2022 regular session of the Legislature shall become applicable upon the effective date of those amendments. Any order entered prior to the effective date of those amendments remains in full force and effect until modified by a court of competent jurisdiction.

(b) The amendments to this chapter enacted during the 2022 regular legislative session do not constitute a change in circumstances or other basis for modification under § 48-9-401 or § 48-9-402 of this code.

Here, in both the 2021 and 2022 amendments to West Virginia Code § 48-9-603, the Legislature noted its intent that the statute was applicable on the effective date, except for orders which had already been entered. *See Martinez v. Asplundh Tree Expert Co.*, 239 W. Va. 612, 613, 803 S.E.2d 582, 583 (2017). The West Virginia Supreme Court of Appeals has long held "[a] statute that is clear and unambiguous will be applied and not construed." Syl. Pt. 1, in part, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968). "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). "If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995). In the instant case, the Family Court of Upshur County failed to apply the amendments to West Virginia Code § 48-9-206, despite the clear intent of the Legislature.

7

Rule 10(c) of the West Virginia Rules of Appellate Procedure requires that every brief provide assignments of error which this court will consider; however, this court may consider a plain error which is evident from the record and within its jurisdiction even when not raised by the parties. To trigger application of the "plain error" doctrine, there must be "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *Page v. Columbia Natural Resources, Inc.,* 198 W. Va. 378, 480 S.E.2d 817 (1996) (internal citations omitted).

Upon review of this standard, we find that the application of an inoperative statute is obvious error. When analyzing the substantive differences between the 2020, 2021, and 2022 versions of West Virginia Code § 48-9-206, the substantial impact of the amendments on a parents' right to a custodial allocation is clear. Failure to utilize the applicable statute completely hinders the fairness and integrity of these judicial proceedings. The Legislature specifically intended these amendments to be applied to cases pending consideration—those not yet reduced to a final order. West Virginia Code § 48-9-206, provides the basis for the allocation analysis to be conducted at the final hearing. Such proceedings are not final and effective until an order is entered by the clerk of the court.[9]

---

[9] Rule 22 of the West Virginia Rules of Practice and Procedure for Family Court require all that orders "shall be entered by the court" and "shall contain a provision directing the circuit clerk to provide certified copies to all parties." This language is analogous with the language of Rule 58 of the West Virginia Rules of Civil Procedure, which requires entry by the clerk before judgments are effective. *See State ex rel. W. Virginia Dep't Of Health And Hum. Res., Child Support Enf't Div. v. Varney*, 221 W. Va. 517, 523, 655 S.E.2d 539, 545 (2007); *see also Legg v. Felinton*, 219 W. Va. 478, 483, 637

Accordingly, we conclude that the version of said statute applicable to the Family Court of Upshur County's July 8, 2022, final order was not West Virginia Code § 48-9-206 (2020). We offer no opinion as to the outcome of the final hearing had the correct version of the statute been applied.

## IV.    CONCLUSION

For the foregoing reasons, the July 8, 2022, order of the Family Court of Upshur County is hereby considered to be a temporary custodial allocation order, which shall remain in place until an evidentiary hearing is conducted pursuant to West Virginia Code § 48-9-206 (2022). This case is remanded to the Family Court of Upshur County for further proceedings that are consistent with this opinion. The Clerk is hereby directed to issue the mandate contemporaneously.

Remanded with Directions.

---

S.E.2d 576, 581 (2006) (It is a paramount principle of jurisprudence that a court speaks only through its orders.).